CHRISTOPHER VAN GUNDY (SBN 152359)
cvangundy@roll.com
KRISTINA M. DIAZ (SBN 151566)
kdiaz@roll.com
CHRISTINE K. SON (SBN 223190)
cson@roll.com
**ROLL LAW GROUP P.C.**
11444 West Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone:  310-966-8400
Facsimile:   310-966-8810

Attorneys for Defendant
POM WONDERFUL LLC

MICHAEL LOUIS KELLY (SBN 82063)
mlk@kirtlandpackard.com
BEHRAM V. PAREKH (SBN 180361)
bvp@kirtlandparckard.com
HEATHER M. PETERSON (SBN 261303)
hmp@kirtlandpackard.com
**KIRTLAND & PACKARD LLP**
2361 Rosecrans Avenue, Fourth Floor
El Segundo, California 90245
Telephone: (310) 536-1000
Facsimile:  (310) 536-1001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALEXANDER and MELISSA ESPINOZA, on behalf of themselves and all others similarly situated, | Case No.  CV09-08182 DDP (RZx) |
| | Assigned to Hon. Dean D. Pregerson |
| Plaintiffs, | |
| | **STIPULATED [PROPOSED] PROTECTIVE ORDER** |
| v. | |
| POM WONDERFUL LLC, a Delaware limited liability company; and DOES 1-100, inclusive, | Complaint Filed: Oct. 8, 2009 |
| | Removal Date:   Nov. 6, 2009 |
| Defendant. | |

{040296.2}                                                   1                                       STIPULATED [PROPOSED]
                                                                                                     PROTECTIVE ORDER

The parties have stipulated to a Protective Order as follows:

### A. LIMITED SCOPE OF ORDER

1. In the above-captioned action (the "Action"), Defendant Pom Wonderful, LLC (hereinafter "Defendant") may exchange confidential and highly confidential information regarding its products that are the subject of this Action. The parties have stipulated to the entry of this protective order (the "Order") governing the exchange and use of confidential and highly confidential documents and information in discovery. This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" or "Highly Confidential" under this Order) at trial in any manner whatsoever. When and if the case proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial.

2. Further, this Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that is filed in the court records in this case. A party seeking to protect information to be filed in the public records must prove that the documents or information meets the standards set forth in <u>Pintos v. Pacific Creditors Association</u>, 565 F.3d 1106 (9th Cir. 2009) and other relevant authority. In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this Order.

3. Nothing in this order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from the use or disclosure of information that is publicly known. Further, nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

**B.     GOOD CAUSE STATEMENT**

4.      Because this case concerns, among other things, advertisements, Defendant may be required to exchange competitively sensitive information about its business activities to which Plaintiffs and third parties would not otherwise have access.  Allowing Plaintiffs or third parties to use such competitively sensitive information would cause harm to the competitive position of the disclosing party.  The parties seek the entry of this order to prevent the unauthorized use or dissemination of confidential information produced in discovery during this Action.

5.      No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation under the standards set forth in <u>Pintos v. Pacific Creditors Association</u>, 565 F.3d 1106 (9th Cir. 2009) and other relevant authority.  Good cause exists for the designation of information as "Highly Confidential" when the information has not been made public and falls into one of the following categories:

(a)     confidential future business, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and strategies, future sales plans and strategies, forward-looking pricing strategies; the development of new product concepts, extensions of existing product lines, and other similar forward-looking information that is kept confidential by the party.

(b)     specific financial information at a level of detail beyond that disclosed in sources available to the public.

(c)     results of research, studies or other complex analyses that the parties expended money to develop or obtain and that would be useful to current or potential competitors.  This category includes, among other things, consumer research studies that the parties commissioned at considerable expense from third parties, complex market analyses provided by third parties under contracts with non-disclosure clauses, and analyses of other competitors in the market.

     (d) terms of contracts with the companies' suppliers or customers that could be used by current or potential competitors in their own negotiations with suppliers or customers.

     (e) specific proprietary product formulas or proprietary manufacturing processes.

     (f) product concepts in development that have not been launched into the market.

  6. Good cause exists for the designation of information as "Confidential" when the information has not been revealed to the public and the information falls into one of the following categories:

     (a) the information is contained in a document or is presented in a form that, when analyzed in conjunction with other information produced in the Action, would reveal information in categories set forth in paragraph 5(a) to (e) above;

     (b) private information about any party, officer, employee or other individual;

     (c) commercially sensitive information regarding the development, production, marketing, branding, sales or promotion of the entity's products or finances, the disclosure of which would have the effect of causing harm to the competitive position of the person or entity from which the information is obtained.

  7. The parties shall use reasonable efforts to minimize the amount of material designated as "Confidential" or "Highly Confidential."

  8. This Order applies to such "Confidential" and "Highly Confidential" information furnished in this litigation regardless of the form in which it is transmitted and regardless whether the information is furnished by a party or third party. Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other

1  materials or testimony provided by any party or third party during this Action.
2  Such materials are collectively referred to as "Discovery Materials" in this Order.

### C. PROCEDURE FOR DESIGNATION

4  9. "Designating Party" may designate Discovery Materials
5  "Confidential" or "Highly Confidential" meeting the standards set forth in
6  paragraphs 6 and 7 by taking the following actions:

7  (a) With respect to documents, discovery responses or other
8  written materials furnished by the Designating Party in paper, as .tiff images, or in
9  any other form in which it is possible to add a legend to each page, the Designating
10 Party may designate the material "Confidential" by stamping, inscribing or
11 otherwise marking or designating on each page of a document containing
12 Confidential Information the words "**CONFIDENTIAL, SUBJECT TO**
13 **PROTECTIVE ORDER."** The Designating Party may designate the material
14 "Highly Confidential" by marking each page of the document with the words
15 "**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO**
16 **PROTECTIVE ORDER."** Electronic documents produced as .tiff images shall be
17 marked in accordance with this paragraph 9(a).

18 (b) With respect to "Confidential" or "Highly Confidential
19 Information" furnished by the Designating Party in a non-paper medium, including,
20 without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs,
21 etc., the Designating Party may designate all information therein as "Confidential"
22 or "Highly Confidential" by affixing the appropriate legend to the outside of the
23 medium or container.

24 10. With respect to deposition testimony or other oral testimony to
25 be recorded in a written transcript, the Designating Party may designate information
26 as "Confidential" or "Highly Confidential" by making a statement on the record to
27 that effect during the deposition or proceeding at issue. The court reporter shall
28 separately bind the designated portion of the deposition transcript and all designated

1  exhibits.  The separately bound deposition material shall be marked in accordance
2  with its designation, as either "CONFIDENTIAL, SUBJECT TO A PROTECTIVE
3  ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY,
4  SUBJECT TO A PROTECTIVE ORDER."  Alternatively, the Designating Party
5  may, within a reasonable time not to exceed 14 days, after the deposition transcript
6  is delivered to the Designating Party, provide to all counsel written notice
7  identifying the specific portion (by page and line numbers) that the Designating
8  Party seeks to protect, and all parties to the litigation will mark the pages with the
9  appropriate legends.

### D. USE AND DISCLOSURE OF DESIGNATED MATERIAL

11.  Information and materials designated "Confidential" or "Highly Confidential" shall be used only for prosecuting or defending this Action, except that a party may use its own "Confidential" or "Highly Confidential Information" for whatever purposes it chooses.  A party using, disseminating or distributing "Confidential" or "Highly Confidential Information" for any purpose other than for use in connection with this Action may be subject to sanctions (including, without limitation, monetary, evidentiary or terminating sanctions, in the Court's discretion), as well as being potentially subject to any disciplinary or other applicable legal proceedings.

12.  Information and materials designated "**CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER**" may only be disclosed to the following individuals:

(a)  The recipient party and officers, directors and/or employees of the recipient party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

1        (b)    Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

      (c)    Court staff, court reporters and videographers involved in this litigation;

      (d)    Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

      (e)    Third-party witnesses during the course of their depositions and at trial provided that the third party or witness previously created, generated or received the Discovery Material.  Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A.

13.    Information and materials designated **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER"** may only be disclosed to:

      (a)    Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

      (b)    Paralegal or clerical staff employed directly by the parties who provide support to the litigation counsel described in subparagraph (a), so long as the staff member has not, does not, and does not anticipate having any role whatsoever in supporting or assisting any person with any involvement whatsoever in the parties' business decision making, including but not limited to decisions

regarding contracts, marketing, employment, pricing, product development, competition or other business decisions;

    (c) Court staff, court reporters and videographers involved in this litigation;

    (d) Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A. "Highly Confidential" information shall not be shared with an expert or consultant retained by the non-designating party who has provided, is providing, or is expected to provide any services to any business unit of the retaining party other than for purposes of the litigation, unless one of the three conditions set forth in subparagraph (e) is met.

    (e) Party or third-party witnesses during the course of their depositions and otherwise provided that the third party or witness previously created, generated or received the Discovery Material before the Action commenced.  Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A.

    14. No person or entity receiving "Confidential" information shall discuss, disseminate, or disclose the "Confidential" information to any person or entity not listed above in paragraph 12.  No person or entity receiving "Highly Confidential" information shall discuss, disseminate, or disclose the "Highly Confidential" information to any person or entity not listed above in paragraph 13. Any person or entity receiving "Confidential" or "Highly Confidential" information shall take measures available to him or her to ensure that no unauthorized person or entity is able to obtain access to the "Confidential" or "Highly Confidential"

information.  The provisions of this paragraph, however, do not apply to the Court or to Court personnel.

15. Nothing in this Order affects or limits the producing party's use of its own "Confidential" or "Highly Confidential" information or "Confidential" or "Highly Confidential" information it has created, lawfully possessed or independently generated or discovered, regardless of whether the information is thereafter designated as **"CONFIDENTIAL, SUBJECT TO A PROTECTIVE ORDER"** or **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A PROTECTIVE ORDER."**

### E. FILING OF DESIGNATED MATERIAL IN PRE-TRIAL PROCEEDINGS

16. The parties must comply with Local Rule 79-5 for filing "Confidential" or "Highly Confidential" information with the Court in any pre-trial proceeding in this action.  Such filings must be in accordance with the standards set forth in <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1178-81 (9th Cir. 2006).  If a party files or seeks to file with the Court material that another party has designated "Confidential" or "Highly Confidential" under this Order, the filing party shall simultaneously file an application to seal the records pursuant to Local Rule 79-5, Local Rule 37, and any other applicable rules and orders, that references this Order and that specifically sets forth the terms of this paragraph.  In doing so, the filing party shall only seek to file under seal the portion of such material that is "Confidential" or "Highly Confidential."  An application which seeks to file materials under seal in proceedings before the district judge will be made to the district judge.

17. Within five business days after service of the application to seal (or within such other time as may be ordered by the Court), the Designating Party must either:  (a) inform the recipient party that it does not object to the filing of the information in the public record, at which point the filing party must withdraw the

application; or (b) file papers in support of the application setting forth the factual and legal basis for the request to seal the records. The Designating Party bears the burden of proving that the materials meet the standards for sealing the records as set forth in Pintos v. Pacific Creditors Association, 565 F.3d 1106 (9th Cir. 2009) and other relevant authority. In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this Order.

### F.   CHALLENGES TO DESIGNATION

18. A party may challenge the designation of any material as "Confidential" or "Highly Confidential" under this Order under the procedures set forth in Local Rules 37-1 through 37-4. If the parties are unable to resolve the issue informally pursuant to 37-1, the challenging party may move for an order granting access to the information under less burdensome conditions pursuant to the procedures set forth in Local Rule 37-2 through 37-4. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if a protective order is not granted.

19. This Order is without waiver of or prejudice to, and specifically reserves the rights and remedies of any party to apply in writing to the Court for a determination, for good cause shown, that: (a) persons not provided for in this Order may or may not receive "Confidential" or "Highly Confidential" information; or (b) this Order be modified or vacated. Any application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful, and must comply with Local Rules 37-1 to 37-4 or other applicable rule.

### G.   SUBPOENA IN ANOTHER ACTION

20. In the event any person, party or entity having possession, custody or control of any "Confidential" or "Highly Confidential" information

receives a subpoena or other process or order to produce the "Confidential" or "Highly Confidential" information, that person or party shall promptly, within ten (10) business days:

    (a)    notify, in writing, the attorneys of record of the Designating Party;

    (b)    notify, in writing, the attorneys of record, or other representatives if there is no attorney of record, of all parties to the litigation,

    (c)    furnish all persons notified pursuant to subsections a and b, above, a copy of the subpoena or other process or order; and

    (d)    provide reasonable cooperation with respect to all procedures set forth in the Order for the protection of the "Confidential" or "Highly Confidential" information.

21. If after receiving the notification set forth in paragraph 20 the Designating Party desires to prevent or limit the requested production of "Confidential" or "Highly Confidential" information, it will be the responsibility of the Designating Party to move to quash or modify the subpoena, or otherwise resolve the issue with the subpoenaing party.

22. A third party who has an interest in maintaining the confidentiality of "Confidential" or "Highly Confidential" information, upon learning that a person, party or entity having custody or control of "Confidential" or "Highly Confidential" information has received a subpoena or other process or order to produce the information, will have the right to object, move to quash, modify the subpoena, or otherwise resolve the issue with the subpoenaing party.

**H.     TERM OF ORDER**

23.     This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" or "Highly Confidential" under this order) at trial in any manner whatsoever.  When and if the Action proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial.

24.     If the action is concluded before trial is commenced, the Order shall remain in full force and effect after such conclusion and the Court shall retain jurisdiction to enforce its terms.  In such a case, all materials, including copies, containing information designated as Confidential or Highly Confidential Information shall be returned to the Producing Party, or shall be disposed of in a manner assuring its confidential destruction, within the following time period: Within 60 days after final termination of this Action either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by any of the parties.  Each party shall provide to the Designating Party a declaration certifying compliance with this paragraph.

25.     If the action is concluded prior to the commencement of trial, regardless of any other provision of this Order, one copy of all pleadings filed in the Action may be retained by counsel of record for each party, and shall be sealed, designated and stored as **"Confidential or Highly Confidential Information Pursuant to Court Order"** and shall remain subject to the terms of this Order.

26.     The designation of any information, documents, or things as "Confidential" or "Highly Confidential" information pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Order shall preclude any party

1 from seeking confidential treatment from the Court with respect to such
2 information, documents, exhibits, or things or from raising any available objections,
3 including without limitation objections concerning admissibility, materiality, and
4 privilege. The parties to this Order expressly reserve their rights to object to the
5 manner in which "Confidential" or "Highly Confidential" information may be used
6 in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if
7 any, shall be determined in the future, in compliance with any applicable rules and
8 orders.

### I. NO WAIVER

10     27. The disclosure of "Confidential" or "Highly Confidential"
11 information pursuant to discovery or the procedures set forth in this Order shall not
12 constitute a waiver of any trade secret or any intellectual property, proprietary,
13 privacy or other rights to or in such information.

14     28. The inadvertent disclosure of information protected by the
15 attorney-client, work product, or other applicable privilege or protection in this
16 Action shall not constitute a waiver of any valid claim of privilege.  Further, failure
17 to assert a privilege in this Action as to one document or communication shall not
18 be deemed to constitute a waiver of the privilege as to any other document or
19 communication allegedly so protected, even involving the same subject matter,
20 unless the producing party seeks to use or rely upon the privileged material in this
21 Action.

22     29. A party that discovers that it has inadvertently produced
23 privileged information shall promptly request its return.  A party that knows it has
24 inadvertently received privileged materials from a producing party must
25 immediately notify opposing counsel by telephone and email.  Regardless of
26 whether the disclosure of privileged information is discovered by the producing
27 party or the receiving party, it is agreed that the person who discovers the
28 potentially privileged information will not share the document or its contents with

other persons, and that the party that has in its possession any inadvertently produced privileged information shall comply with the requirements identified in Federal Rule of Civil Procedure 26(b)(5)(B).

DATED: July 16, 2010     KIRTLAND & PACKARD LLP

By: */s/ Behram V. Parekh*
    Behram V. Parekh

Attorneys for Plaintiffs
JOHN ALEXANDER and MELISSA ESPINOZA

DATED: July 16, 2010     ROLL LAW GROUP P.C.

By: */s/ Christine K. Son*
    Christine K. Son

Attorneys for Defendant
POM WONDERFUL LLC

The Court approves the foregoing Protective Order submitted by the parties, and its terms shall govern all information disclosed and documents and data produced in this Action.

IT IS SO ORDERED.

DATED: August 03, 2010

By: *[signature]*
    Hon. Ralph Zarefsky

# **PROTECTIVE ORDER EXHIBIT A**

My name is _____.

I work for _____.

My business contact information is:

    _____

I have read the attached Stipulated Protective Order ("Order") entered by the Court in the matter of JOHN ALEXANDER and MELISSA ESPINOZA v. POM WONDERFUL LLC, et.al., United States District Court, Central District of California, Case No. CV09-08182 DDP (RZx)

I understand the responsibilities and obligations the Order imposes on me regarding "**Confidential**" or "**Highly Confidential**" information I obtain in this action.

I agree to be bound by all of the provisions of the Order.

I certify that (strike the inaccurate sections of this clause, if any):

I did not receive any "Confidential" or "Highly Confidential" information before signing this Exhibit A;

I meet all requirements for receipt of information and other material designated as "Confidential" or "Highly Confidential" information, pursuant to the Order;

I am not directly employed by any party to this action;

I am not under contract with any party to this action for any purpose other than this action.

I have received a copy of the Order, including an executed copy of this Exhibit A, for my personal use and reference.

I understand that the Court in this matter has the power to enforce the Order, including but not limited to imposing penalties and/or sanctions on anyone who violates the Order.

I agree to submit to the jurisdiction of the United States District Court, Central District of California in matters relating to this Order.

    Signature: _____

    Date: _____

    Print Name: _____